IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES ROBERT BOUGADIS (BOP Register No. 28778-077), | § § § | |
| Movant, | § § | |
| V. | § § | No. 3:16-cv-2247-G-BN |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Movant James Robert Bougadis, a federal prisoner, proceeding *pro se*, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. *See* Dkt. No. 1. This civil action has been referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, regardless whether Bougadis's motion to vacate possesses merit, because it is successive, and because Bougadis has already moved for authorization to file a successive Section 2255 motion in the United States Court of Appeals for the Fifth Circuit, the Court should dismiss the unauthorized successive motion to vacate without prejudice for lack of jurisdiction.

**Applicable Background**

Bougadis pleaded guilty to two counts of using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), and he was sentenced to 25 years'

incarceration. *See United States v. Bougadis*, No. 3:96-cr-133-G (N.D. Tex.). His appeal was dismissed as frivolous after his court-appointed counsel filed an *Anders* brief. *See United States v. Bougadis*, 125 F.3d 851, 1997 WL 574783 (5th Cir. Aug. 18, 1997) (per curiam). And he previously has sought relief under 28 U.S.C. § 2255. *See Bougadis v. United States*, No. 3:98-cv-2310-G (N.D. Tex.) (denying ineffective-assistance-of-counsel claim).

Through the current Section 2255 motion, Bougadis challenges the constitutionality of the residual clause contained in 18 U.S.C. § 924(c)(3) (defining "crime of violence" to include a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the United States Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act" ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii) – under which "violent felony" includes any felony that "involves conduct that presents a serious potential risk of physical injury to another" – "violates the Constitution's guarantee of due process," 135 S. Ct. at 2563.

The Fifth Circuit recently denied authorization to pursue a successive Section 2255 motion challenging, pursuant to *Johnson*, the "crime of violence" definition of Section 924(c)(3)(B).

> *Johnson* announced a new rule of constitutional law that has been made retroactive by the Supreme Court to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). However, *Johnson* did not address section 924(c)(3)(B). Moreover, courts of appeals are split on whether to grant permission to file a successive 2255 petition based on

> the argument that Johnson applies to section 924(c)(3)(B). *Compare Berry v. United States*, No. 16-71332 (9th Cir. June 2, 2016) (per curiam) (granting permission to file a successive motion); *In re Pinder*, No. 16-12084, ___F.3d ____, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016) (per curiam) (same); *In re Chapman*, No. 16-246 (4th Cir. May 3, 2016) (per curiam) (same); *Ruiz v. United States*, No. 16-1193 (7th Cir. Feb. 19, 2016) (per curiam) (same); *Freeman v. United States*, No. 15-3687 (2d Cir. Jan. 26, 2016) (per curiam) (same), *with Turner v. United States*, No. 16-1145 (1st Cir. May 4, 2016) (per curiam) (denying permission to file a successive motion). This disagreement among lower court judges demonstrates that the Supreme Court has not taken a position on whether *Johnson* applies to section 924(c)(3)(B). Further, even if *Johnson* does apply to that provision, the Supreme Court has not addressed whether this arguably new rule of criminal procedure applies retroactively to cases on collateral review. Fields has therefore not demonstrated that he is entitled to authorization to proceed based on *Johnson*.

*In re Fields*, ___ F.3d ____, No. 16-50521, 2016 WL 3383460, at *1 (5th Cir. June 17, 2016) (per curiam) (some internal citations modified).

And, as Bougadis makes clear in the current motion to vacate, he already has filed with the Fifth Circuit a "motion to file a second application for a 28 U.S.C. § 2255 motion." Dkt. No. 1 at 8-9 (June 28, 2016 letter from the Fifth Circuit's Clerk's Office).

**Legal Standards and Analysis**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him]

guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of a United States court of appeals before a motion is filed in the district court. *Id.* §§ 2244(b)(3) & 2255(h); *see, e.g., United States v. Mathis*, 660 F. Supp. 2d 27, 30 (D.D.C. 2009) ("As is readily apparent from this statutory language, the determination of whether a new rule of constitutional law exists must be decided *by the court of appeals* – and not by the district court – before the second or successive § 2255 motion may be filed in the district court." (emphasis in original)).

The appellate-certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file" such a motion. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citations omitted); *cf. Arnold v. United States*, 598 F. App'x 298, 299 (5th Cir. 2015) (per curiam) (Movant "has already filed the one § 2255 motion to which he is entitled, and he has not received authorization to file another. Consequently, the district court properly concluded that it lacked jurisdiction over the motion." (citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)); *United States v. Caicedo-Obando*, 426 F. App'x 301, 302 (5th Cir. 2011) (per curiam) ("The appeal is frivolous because the notice-motion was a successive § 2255 motion that the district court did not have jurisdiction to consider without authorization from this court, which was

neither sought nor given." (again citing 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h); *Key*, 205 F.3d at 774)).

This clear lack of jurisdiction routinely requires that judges of this Court either deny an unauthorized successive Section 2255 motion or transfer such a motion "for want of jurisdiction" under 28 U.S.C. § 1631. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (transfer of a successive habeas application filed without first obtaining "authorization from the court of appeal" "for want of jurisdiction" under Section 1631 (citing *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014) (per curiam))); *see, e.g.*, *Garcia v. United States*, Nos. 3:12-cv-2420-M-BK & 3:06-cr-303-M (01), 2012 WL 3636876, at *1 (N.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3636873 (N.D. Tex. Aug. 22, 2012) ("Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application." (citing *Key*, 205 F.3d at 774)).

Regardless of any merit, because the Fifth Circuit, not this Court, is the proper initial gatekeeper for successive Section 2255 motions, Bougadis's successive Section 2255 motion should be denied without prejudice to him seeking authorization from the Fifth Circuit to pursue a successive Section 2255 motion (a step Bougadis indicates he already has taken).

## Recommendation

Because the Court lacks jurisdiction over Bougadis's unauthorized successive Section 2255 motion, and because Bougadis has already moved for authorization in the

Fifth Circuit, the Court should dismiss the Section 2255 motion without prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE